IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| MAXINE HERNANDEZ | § | |
| VS. | § | CIVIL ACTION NO. 1:08cv121 |
| MR. MOORE, ET AL. | § | |

### MEMORANDUM OPINION REGARDING VENUE

Plaintiff Maxine Hernandez, an inmate confined at the Hobby Unit, proceeding *pro se*, brings this civil rights action pursuant to 42 U.S.C. § 1983 against Mr. Moore and the State of Texas.

The above-styled action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

### Factual Background

Plaintiff alleges Mr. Moore, an employee at the Hobby Unit, "used his wave to kill [her]...."

### Analysis

The Civil Rights Act, 42 U.S.C. §1981, *et seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue in civil rights cases is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or

in which the claim arose.  Here, plaintiff complains of incidents which occurred at the Hobby Unit, located in Marlin, Falls County, Texas.  Further, the defendant is located in Falls County, Texas.  When public officials are parties to an action in their official capacities, they reside for venue purposes in the county where they perform their official duties, which in this case are the above-listed counties.  *Holloway v. Gunnell*, 685 F.2d 150 (5th Cir. 1982); *Lowrey v. Estelle*, 433 F.2d 265 (5th Cir. 1976).

Pursuant to 28 U.S.C. § 124, Falls County is in the Waco Division of the Western District of Texas.  As Falls County is located in the Western District of Texas, venue in the Eastern District of Texas is not proper for plaintiff's claims.

When venue is not proper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  Plaintiff's claims should be transferred to the Western District of Texas.  An appropriate order so providing will be entered by the undersigned.

**SIGNED** this   13   day of         May         , 2008.

_____
KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE